WILLIAM L. HANKINS v. ALEXANDER L. BERRIAN.

Argued February 16, 1898—Decided June 13, 1898.

By the proviso of the "Act to increase the jurisdiction of justices of the peace," approved March 12th, 1879 (*Gen. Stat., p.* 1897), all justices are precluded from exercising, in a city where a District Court then existed, the increased jurisdiction which the body of the act would confer.

On *certiorari.*

Before Justices DIXON and COLLINS.

For the prosecutor, *George O. Vanderbilt.*

For the defendant in *certiorari, Edwin Robert Walker.*

The opinion of the court was delivered by

DIXON, J.   The prosecutor seeks to reverse a judgment for $171 debt and $6.83 costs rendered against him at the suit of the present defendant in a Court for the Trial of Small Causes, held by a justice of the peace in the city of Trenton on July 14th, 1897.   The reason assigned for reversal is that the justice had no jurisdiction over such a cause, the matter in dispute exceeding $100 and the city of Trenton being one in which a District Court existed on March 12th, 1879, when the "Act to increase the jurisdiction of justices of the peace" (*Gen. Stat., p.* 1897) became a law.

This act is constitutional (*Wagoner* v. *Watts,* 15 *Vroom* 126; *affirmed on error,* 16 *Id.* 184) and increases the jurisdiction

of justices from $100 to $200, with this proviso, "that no justice of the peace in any city where a District Court now exists shall exercise jurisdiction over any cause cognizable in such District Court." The effect of this proviso is to prevent the justices mentioned therein from acquiring the increase of jurisdiction which the body of the act would confer. *Sloat* v. *McComb,* 13 *Id.* 484.

The question therefore arises whether the proviso is applicable to the justice in the present case.

Two views of the proviso are suggested—one that it applies only to justices of the peace elected in the city where the District Court existed, the other that it applies to all justices holding court in such a city. Since it does not appear before us where the justice whose judgment is under review was elected, the distinction becomes important.

Properly speaking, a justice of the peace is, according to the constitution, elected, not in a city, but in a ward of a city or in a township, while under the statute he may hold his Court for the Trial of Small Causes anywhere in the county.

The words of the proviso plainly suggest that the existence of a District Court in the city is the reason for withholding the increased jurisdiction from justices in the city and evince a purpose to preserve to the District Court a jurisdiction exclusive of the justice's court over certain cases embraced within the body of the act. If the effect of the proviso be confined to justices elected within the city, this purpose would be thwarted, for justices elected elsewhere could exercise the enlarged jurisdiction in the city, but if the proviso be applied to all justices holding court in the city, the purpose is effectuated by securing to the District Court jurisdiction exclusive of justices' courts over all suits brought in the city which involve more than $100.

Moreover, it would be difficult to find a reason for discriminating in this respect between justices elected within a city and those elected outside of it.

We think the true meaning of the proviso would be expressed by a mere transposition of its clauses, so as to make it read, "no justice of the peace shall exercise in any city where a District Court now exists, jurisdiction," &c.

The result is that in the present case the justice was without jurisdiction over the subject-matter of the action, and his judgment must be reversed.

Inasmuch as the prosecutor did not present this objection below, no costs will be awarded.